UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES DOULGERIS,

      Plaintiff and
      Counterclaim Defendant,

v.                                         Case No.: 8:08-cv-282-T-24MAP

UNITED STATES,

      Defendant, Counterclaimant, and
      Cross Claim Plaintiff,

v.

PHILIP RAPPA
      Cross Claim Defendant
_____/

## ORDER

      This cause comes before the Court on the United States' motions in limine to exclude 1)

the trial testimony of Michelle Hamilton, who was identified by Third-Party Defendant Philip

Rappa as a trial witness (Doc. 37) and 2) Exhibits 3 through 8 identified by

Plaintiff/Counterclaim Defendant James Doulgeris (Doc. 36).  Neither Mr. Rappa nor Mr.

Doulgeris filed responses in opposition to the motions.

## DISCUSSION

      Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to disclose individuals

having discoverable information, as well as copies or descriptions of all documents that the party

has in its possession or control, that the party may use to support his claims or defenses.  Federal

Rule of Civil Procedure 33(b)(3) requires that a party served with interrogatories answer them

completely and under oath.  If a party later discovers that a previous Rule 26(a) disclosure or

answer to an interrogatory was incomplete, and the opposing party has not learned of the missing information, he must timely supplement his disclosure. Fed. R. Civ. P. 26(e)(1). If a party fails to do so, a court may exclude the withheld information or unidentified witness from being used at trial, unless the party makes a showing that the withholding was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

## TESTIMONY OF MICHELLE HAMILTON

Mr. Rappa failed to make the required Rule 26 disclosures identifying the individuals with information that he might use to support his claims or defenses. On December 2, 2008, the United States served an interrogatory on Mr. Rappa asking him to identify all of the witnesses he intended to call at trial. Mr. Rappa responded to the interrogatory but did not identify Michelle Hamilton as a potential witness. Not until April 30, 2009, on the joint pretrial stipulation (Doc. 29, p. 17), did Mr. Rappa identify Ms. Hamilton as a potential witness.

The Court ordered discovery in this case to be completed by December 15, 2008. As the disclosure of Ms. Hamilton occurred over four months after the time for discovery had expired, the United States did not have the opportunity to depose her for any information she might possess with bearing on the case.

Mr. Rappa has offered no response as to why Ms. Hamilton should be allowed to testify despite the prejudice produced by concealing her identity from the other parties and depriving them of the opportunity to discover the relevant information she might possess. Since Mr. Rappa has not shown that withholding the identity of Ms. Hamilton as a potential witness was substantially justified or harmless, the Court rules, according to Federal Rule of Civil Procedure 37, that she may not testify at trial.

## MR. DOULGERIS' EXHIBITS 3-8

The United States also seeks to exclude Exhibits 3 through 8 designated by Mr. Doulgeris in the joint pretrial statement. The exhibits are set to be introduced during the testimony of Mr. Jonas and are described as:

> #3: Checklist for task completion;
> #4: Checklist for task completion;
> #5: Finance operating protocols;
> #6: Jonas June 2003 cash plan;
> #7: Jonas July 2003 cash plan; and
> #8: Jonas July 2003 cash plan.

The United States claims that the description of the exhibits are so vague that it cannot apprehend whether the items were turned over in the discovery materials that Mr. Doulgeris provided. Further, the United States expresses concern that some of the materials may be inadmissible hearsay. Because the nature of the items and their disclosure status is unclear, and because of issues raised during the pretrial conference regarding Mr. Doulgeris' inability to obtain evidence in the possession of his former attorneys, the Court does not have sufficient information at this time to rule as to whether the documents were wrongfully—if at all—withheld from the United States. Therefore, the Court is unable to rule as to the admissibility of the evidence at this time.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that the United States' motion to exclude the testimony of Michelle Hamilton (Doc. 37) is GRANTED, the motion to exclude Mr. Doulgeris' exhibits is DENIED WITHOUT PREJUDICE, as the Court would prefer to rule on the issue, if it has not yet been resolved, at the time of trial when more information is available.

DONE AND ORDERED this 10th day of June, 2009.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff, Counterclaim Defendant James Dougleris
Pro Se Third-Party Defendant Philip M. Rappa